Joshua W. Carden, SBN 021698
JOSHUA CARDEN LAW FIRM, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com
(480) 454-1100
(480) 454-1101 (Fax)
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tristan Walker,<br><br>Plaintiff,<br><br>v.<br><br>Sonoran Crest Construction, LLC, and Curtis S. Roe,<br><br>Defendants. | **ORIGINAL COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

Plaintiff Tristan Walker, by and through the undersigned counsel, hereby seeks relief under the Family Medical Leave Act (FMLA); the Emergency Paid Sick Leave Act (EPSLA); and Arizona's Paid Sick Time Law as follows:

**PARTIES**

1. Plaintiff Tristan Walker was at all relevant times herein a resident of Maricopa County, Arizona, and an "employee" of Sonoran Crest Construction, LLC within the meaning and purposes of all relevant statutes at all times material to this action.

2. Defendant Sonoran Crest Construction, LLC ("Sonoran Crest") is a domestic limited liability company at all relevant times conducting its business in Maricopa County, Arizona.

3. Defendant Curtis S. Roe is an individual resident of Maricopa County.

4. Sonoran Crest was an "employer" of Plaintiff within the meaning and purposes of all relevant statutes at all times material to this action.

5. Defendant Curtis Roe owns Sonoran Crest, and, upon information and belief,



several entities closely related to Sonoran Crest, including SCC 3, LLC, SCC 4, LLC, SCC 5, LLC, SCC 6, LLC, Sonoran Crest Construction Management, Inc., Sonoran Crest Transportation, LLC, and Sonoran Star Development, LLC.

6. Defendant Roe also stood in the status of an "employer" of Plaintiff within the meaning and purposes of all relevant statutes at all times material to this action, in that he exercised daily economic control over Plaintiff's (and other employees') employment.

7. Together with Sonoran Crest and Mr. Roe, these other related entities constitute a "joint enterprise" and, upon information belief, employ more than 50 employees within a 75-mile radius, and are collectively referred to herein as "Defendants."

8. Upon information, and belief Defendants employ fewer than 500 people.

9. At all times pertinent to this Complaint, Defendants' managerial employees were acting within the course and scope of their employment with Defendants; and as a result thereof, Defendants are responsible and liability is imputed for the acts and omissions of their managerial employees, as alleged herein, under the principles of *respondeat superior*, agency, and/or other applicable law.

10. All acts alleged in this Complaint occurred in Maricopa County, Arizona.

## JURISDICTION AND VENUE

11. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. Pendent jurisdiction over the related state law claims is invokes pursuant to 28 U.S.C. § 1367.

12. The unlawful employment practices described herein were committed within the State of Arizona, on Defendants' premises located in Maricopa County, State of Arizona.

13. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## ALLEGATIONS COMMON TO ALL CLAIMS

14. Defendants operate a construction firm, licensed by the Arizona Registrar of Contractors.

15. Mr. Walker commenced his employment with Defendants in 2019 as a superintendent.

16. As of December 2020, Mr. Walker was scheduled to work nights with a demolition



1 | crew for a Defendants' project.

2 |     17.    On or about December 4, 2020 (a Friday), Mr. Walker began experiencing symptoms consistent with COVID-19.

    18.    When the symptoms did not abate, Mr. Walker went to the hospital on or about December 6, 2020 (a Sunday) to get tested.

    19.    That night, he received instructions from the hospital to quarantine, along with a doctor's note for his employer.

    20.    On Monday morning (before his evening shirt), December 7, 2020, Mr. Walker messaged his supervisor to let him know that he might have COVID and was quarantining.

    21.    On Tuesday, December 8, 2020, Mr. Walker notified his supervisor that he had indeed tested positive for COVID, and emailed in the paperwork confirming that diagnosis.

    22.    On Friday, December 11, 2020, Mr. Walker received a phone call from the Defendants' general manager stating that he was terminated.

    23.    The stated reason for termination at that time was that the demolition crew (that Mr. Walker would have been supervising had he not been sick and out on leave) had "torn up a door" preventing the ability to safely lock and secure the project.

    24.    Mr. Walker has no way of knowing if this was a true statement.

    25.    Mr. Walker had worked on the project the previous week and the door was fine up until the last day he work; thus, to the extent that the door was ever actually torn up, it happened after Mr. Walker was already quarantining.

    26.    Upon information and belief, the stated reason for terminating Mr. Walker was false and pretextual – and Defendants were aware of this fact at the time of the termination.

    27.    Mr. Walker has been sick and unable to work for several weeks after his initial diagnosis.

    28.    Other than his final paycheck, Mr. Walker did not received any additional payments from Defendants.

    29.    Defendants did not pay Mr. Walker for leave used while quarantining, but instead paid him "sick time" under the auspices of Arizona law.



30. Upon information and belief, the provision of paid sick time and/or Mr. Walker's unavailability for work due to his diagnosis and quarantine were the reasons Defendants fired him.

31. Upon information and belief, Defendants counted Mr. Walker's job in applying for and receiving Paycheck Protection Program loans or other government financial assistance programs provided during the pandemic.

32. Upon information and belief, Defendants have failed to post the required notices to employees under the FMLA, the Family First Coronavirus Response Act (FFCRA), the EPSLA, and Arizona's Paid Sick Time Law.

33. All conditions precedent to the filing of this lawsuit have occurred or been satisfied.

**FIRST CAUSE OF ACTION –FMLA INTERFERENCE**

34. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

35. Plaintiff provided prompt and reasonable notice to Defendants of his need to quarantine on the advice of a healthcare provider and his subsequent diagnosis

36. But for his diagnosis and need to quarantine, Plaintiff would have been able to work.

37. The FMLA requires Defendants to restore Plaintiff to his same or equivalent position following his medical leave; instead Defendants terminated Plaintiff.

38. Upon information and belief Defendants considered Plaintiff's medical condition requiring FMLA leave and/or or Plaintiff's use of FMLA leave as a negative factor in making the decision to terminate him.

39. Defendants' termination of Plaintiff for his need for leave to which he was entitled under the FMLA, before Plaintiff had the opportunity to utilize that leave (whether paid or unpaid) had the effect of interfering with Plaintiff's rights under the FMLA.

40. Defendants have thus interfered with Plaintiff's rights under the FMLA in violation of 29 U.S.C. § 2615.

41. Defendants have caused Plaintiff economic damages by violating the FMLA.

42. Because Defendants' violations were committed without good faith, Plaintiff is entitled to an equal additional amount as liquidated damages under the FMLA.

43. Plaintiff is further entitled to equitable relief as determined by the Court.



## SECOND CAUSE OF ACTION - EMERGENCY PAID SICK LEAVE ACT DISCRIMINATION

44. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

45. The FFCRA included the Emergency Paid Sick Leave Act, Pub L. 116-127 §§ 5101, *et seq.*, https://www.congress.gov/116/plaws/publ127/PLAW-116publ127.pdf (not codified in the USC).

46. The EPSLA provides that employers shall provide up 80 hours of paid leave when the leave is because "(2) The employee has been advised by a health care provider to self-quarantine due to concerns related to COVID–19; [or] (3) The employee is experiencing symptoms of COVID–19 and seeking a medical diagnosis." *Id.* § 5102(a).

47. The required amount of pay is defined as the employee's regular rate of pay up to a maximum of $511 per day. *Id.* § 5510(5).

48. The EPSLA applies to both Plaintiff as a qualifying "employee" and Defendants as qualifying "employers."

49. The EPSLA forbids employers from requiring the use of "other paid leave" – such as paid leave under Arizona's Paid Sick Time statutes – before using the 80 hours provided under the EPSLA. *Id.* § 5102(e)(2)(b).

50. The EPSLA also forbids employers to "discharge, discipline, or in any other manner discriminate against any employee who—(1) takes leave in accordance with this Act[.]" *Id.* § 5104.

51. Defendants violated the EPSLA by a) failing to pay him the leave (and requiring him to use up lawfully-accumulated paid sick time under Arizona law instead); and b) terminating him for using the leave.

52. The EPSLA incorporates the remedies for FLSA violations, including damages, liquidated damages, fines and penalties. *Id.* § 5105.

53. Defendants' violation of the EPSLA was committed without good faith.

54. Thus, Defendants owe Plaintiff two weeks of regular pay under the EPSLA, plus an equal additional amount as liquidated damages.

55. Defendants further owe Plaintiff economic damages for the unlawful termination,



1  plus an equal amount as liquidated damages.

56. Plaintiff is further entitled to equitable relief as determined by the Court.

**THIRD CAUSE OF ACTION – VIOLATION OF ARIZONA PAID SICK TIME LAW**

57. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

58. Arizona has adopted a Paid Sick Time law, A.R.S. §§ 23-371, *et seq*.

59. A.R.S. § 23-364(B) states:

No employer or other person shall discriminate or subject any person to retaliation for asserting any claim or right under this article, for assisting any other person in doing so, or for informing any person about their rights.  Taking adverse action against a person within ninety days of a person's engaging in the foregoing activities shall raise a presumption that such action was retaliation, which may be rebutted by clear and convincing evidence that such action was taken for other permissible reasons.

60. Defendants violated A.R.S. § 23-364 as described herein, by terminating Plaintiff for asserting his claim to take sick leave and while taking sick leave.

61. Additionally, upon information and belief, Defendants failed to provide notice of Plaintiff's rights under A.R.S. 23-364 as required by law.

62. A.R.S. § 23-364(C) authorizes a private right of action for any private party injured by a violation.

63. A.R.S. § 23-364(G) mandates a remedy of an amount "sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued or until legal judgment is final."

64. Defendants' discrimination and/or retaliation were committed without justification or excuse.

65. As a direct result of Defendants' conduct, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $150.00 per day until final judgment, and the failure to post and keep proper records penalties under § 23-364(F).

**JURY TRIAL DEMANDED**

66. Plaintiff demands a trial by jury.



**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A. Declaring that the acts and practices complained of herein are in violation of federal and/or state law;

B. Assessing applicable civil fines and penalties against Defendants as authorized under the statutes cited herein;

C. Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment or employment opportunities;

D. Directing Defendants to place Plaintiff in the position he would have occupied but for Defendants' unlawful actions, and make him whole for all earnings he would have received, including, but not limited to, back pay, front pay, pension, and other lost benefits;

E. Awarding Plaintiff compensatory damages in an amount to be determined by the jury;

F. Awarding Plaintiff statutory and liquidated damages in an amount to be determined by enforcement of the statutes herein;

G. Awarding Plaintiff pre- and post-judgment interest, the costs of this action, and reasonable attorneys' fees as provided by the statutes providing the causes of action cited herein; and

H. Granting such other and further relief, including equitable relief authorized by the cited statutes, as this Court deems necessary and proper.

Respectfully submitted on this 25th day of January, 2021,

Joshua Carden Law Firm, P.C.

By: s/Joshua W. Carden
Joshua W. Carden
*Attorneys for Plaintiff*
*Tristan Walker*

